IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Cr. No. 99-60111-HO Civ. No. 05-6054-HO |
| v. | ) ) | ORDER |
| KEVIN PATRICK MALLOY, | ) ) | |
| Defendant. | ) ) | |

On December 6, 2000, the court found defendant guilty of being a felon in possession of a firearm following a two day court trial. On April 3, 2001, the court sentenced defendant to the statutory mandatory minimum of 180 months imprisonment as an armed career criminal.

Following an appeal, the Ninth Circuit affirmed the sentence on March 8, 2002. The Supreme Court denied certiorari on June 10, 2002. Defendant filed the present motion to vacate or correct

sentence, pursuant to 28 U.S.C. § 2255, on February 28, 2005. Defendant asserts two grounds for relief:

> [1.] No fingerprints were found inside vehicle where stolen weapons were found, no other valuable evidence found inside vehicle.
>
> [2.] Recent US Supreme Court decision on Sentencing Guidelines

Petition (#77) at p. 5.

28 U.S.C. § 2255 provides in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant filed the present motion more than one year after the judgment of conviction became final. Defendant does not assert the motion was impeded by government action or that he did not discover the facts supporting the claim less than one year prior to filing the present motion. Accordingly, defendant's first ground for relief is untimely.

Presumably defendant relies on Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005) as the recent Supreme Court authority asserted in ground two of his petition. This court has already ruled that Blakely, is not retroactively applicable to cases on collateral review. See United States v. Phillips, 2004 WL 2414819 (D. Or. Oct. 26, 2004). The same reasoning demonstrates that Booker is not retroactively applicable. See McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005). Accordingly, defendant's petition is denied.

## CONCLUSION

For the reasons stated above, defendant's motion to vacate, set aside, or correct sentence (#77) is denied, and this proceeding is dismissed.

DATED this 13th day of April, 2005.

Michael C. Hogan
United States District Judge